# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LYNNETTE ANDUJAR STRAUSS,**

              **Plaintiff,**

**-vs-**                                       **Case No. 6:04-cv-1133-Orl-22KRS**

**RENT-A-CENTER, INC., d/b/a: Rent-A-Center, and RENT-A-CENTER, EAST, INC., f/k/a: Rent-A-Center, Inc, d/b/a: Rent-A-Center,**

              **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on Plaintiff's Motion to Compel Designation of Witnesses for 30(b)(6) Deposition(s) Scheduled for July 16 to 17, 2007, and for Reasonable Expenses Incurred in Bringing this Motion, filed by Plaintiff Lynnette Andujar Strauss, doc. no. 72, and on Defendants' Response to Plaintiff's Motion to Compel Designation of Witnesses for 30(b)(6) Deposition(s) and Motion for Protective Order, filed by Defendants Rent-A-Center, Inc., and Rent-A-Center East, Inc., doc. no. 75.

## I.   BACKGROUND.

Strauss sued Rent-A-Center and Rent-A-Center East (jointly "RAC") for alleged violations of the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. No. 19. In particular, Strauss alleges that RAC terminated her in retaliation for her complaints about sexual harassment and discrimination. *Id*. ¶¶ 18, 29. The discovery deadline in this case is August 1, 2007. Doc. No. 61.

On April 20, 2007, Strauss served a notice of deposition on RAC under Federal Rule of Civil Procedure 30(b)(6).  Doc. No. 72-2.  The notice identified twenty-four topics about which Strauss would take RAC's deposition, and requested appropriate designations of a corporate representative or representatives.  *Id.* The notice also included a request under Rule 30(b)(5) that the designated corporate representative "produce for inspection and copying any documents upon which the deponent's testimony is based, as well as any documents which were used to refresh the recollection of the designated deponent(s)."  *Id.* at 4.  RAC objected to many of the topics, and to the Rule 30(b)(5) document request.  Doc. No. 72-3.

After discussions, the parties agreed to conduct the Rule 30(b)(6) depositions on July 16 and 17, 2007.  They also agreed to modify several of the topics.  *See* Doc. No. 72-8 (Amended Notice).  However, they were unable to reach agreement on thirteen topics identified in the Amended Notice.  Strauss now seeks an order compelling RAC to designate a corporate representative to respond to the disputed topics.  Doc. No. 72.  She also requests the attorneys' fees and costs she incurred in bringing the present motion.  *Id.*  RAC responded to the motion, and brought its own motion for a protective order.  Doc. No. 75.  RAC's motion requests a protective order prohibiting Strauss from inquiring into topic number 8, and limiting topic numbers 9, 10, 11, 15, 16, 18, 19, 20, 21, 22, 23, and 24.  *Id.*  Strauss responded.  Doc. No. 80.  The matter is now ripe for review.

## II.    DISCUSSION.

As an initial matter, it is inappropriate for a corporation simply to refuse to designate a witness for a properly noticed Rule 30(b)(6) deposition.  Rather, the Federal Rules of Civil

Procedure require the party seeking to narrow the scope of the requested discovery to bring a

motion for a protective order under Rule 26(c).  *Cf.* Charles Alan Wright, Arthur R. Miller &

Richard L. Marcus, 8A *Federal Practice and Procedure*, § 2103 at 31 & 31 n.2 (2d ed. 1994)

(collecting cases).  Furthermore, it is not proper to include a motion for a protective order with a

response to a motion to compel because, under the Local Rules of this Court, a reply to a response

generally is not permitted.  Because Strauss filed a response to the motion for protective order, and

because the time scheduled for the Rule 30(b)(6) deposition is fast approaching, I will resolve the

issues presented in the manner presented by counsel.

### Topic Number 8.

Topic Number 8 requests that RAC designate a corporate representative to testify about

"[t]he facts underlying Defendants' affirmative and other defenses to Plaintiff's complaint."  Doc.

No. 72-8.  RAC objects that this request seeks information that is privileged or otherwise

protected, is overly broad, unduly burdensome, and duplicative with other discovery requests.

Doc. No. 72-4.  Additionally, RAC contends that the information requested is provided in answers

to interrogatories.  *Id*.

RAC's contention that deposing a corporate representative on this topic would result in

testimony on privileged or protected materials in unavailing.  Facts supporting a party's claim or

defense are not privileged or protected.  *See, e.g.*, *United States v. Pepper's Steel & Alloys, Inc.*,

132 F.R.D. 695, 699 (S.D. Fla. 1990).

RAC's assertion that it has already provided the requested information in an answer to a

contention interrogatory is not supported by evidence.  Strauss asserts that RAC provided only

unsworn answers to interrogatories, and avoided providing the facts on which its defenses are based by giving conclusory answers such as "Plaintiff's equitable claims are barred by [the doctrine of unclean hands] based on Plaintiff's conduct while employed with Defendant . . . ." Doc. No. 80 at 6. Because RAC did not properly provide a sworn answer and did not describe the conduct by Strauss that supports its conclusory response to the interrogatory, permitting Strauss to inquire into the facts through a Rule 30(b)(6) deposition is not duplicative or cumulative.

Similarly, RAC's argument that Strauss could obtain some of the information she seeks through a Freedom of Information Act (FOIA) request to the Equal Employment Opportunity Commission (EEOC) is intentionally misleading based on Strauss's response that she did file a FOIA request and that RAC was aware of such request. Furthermore, the Federal Rules of Civil Procedure do not require a party to seek information through FOIA or other public records requests before propounding discovery to a party.

Finally, RAC's assertion that responding to topic number 8 would be unduly burdensome fails because it is not supported by any evidence showing that such a burden exists. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). RAC's overbreadth objection similarly fails because the topic is limited to facts underlying the claims and defenses in the present case.

Therefore, Strauss's motion to compel the production of a representative with knowledge of the matters specified in topic number 8 is **GRANTED** and RAC's motion for a protective order as to topic number 8 is **DENIED**.

**Topic Numbers 9, 10, 11.**

These topics seek testimony regarding the decision to terminate Strauss, the individuals involved in making that decision and the roles they played, and RAC's communications with the EEOC and the Florida Commission on Human Relations regarding Strauss's claim that her termination violated the civil rights laws. RAC's objections based on privilege, protection, overbreadth and burdensomeness are not well taken for the reasons discussed with respect to topic number 8 above.

Accordingly, Strauss's motion to compel a representative to testify to the matters specified in topic number 9, 10 and 11 is **GRANTED** and RAC's motion for a protective order is **DENIED**.

**Topic Number 15.**

Topic Number 15 requests the designation of a witness to testify about the following:

> As to the employees [who worked at the same locations as Strauss], the following additional information: the last known address and phone number of each employee; the dates of employment with Rent-A-Center of each employee; the title(s) of each employee during 2000 and 2001; if an identified employee held more than one title during 2000 and 2001, the dates when the employee held each title; the current title of the employee if still employed by Rent-A-Center; if an identified employee was discharged, the reason(s) for the discharge; complaints of sexual harassment or sexual misconduct made against any such employees (including complaints made by customers), and the disposition of such complaints.

Doc. No. 72-8. RAC objected that the topic requests testimony that "would be overly broad, unduly burdensome, and not relevant to the subject matter of the instant litigation, not reasonably calculated to lead to the discovery of admissible evidence" and contends that providing contact information would invade the privacy of its employees. Doc. Nos. 72-4, 75.

The information requested is reasonably designed to identify other similarly situated employees who may have been treated differently than Strauss. Once again, RAC failed to present

evidence to sustain its burdensomeness objections.  Concerns about protecting employees' privacy are appropriately protected by an order that prohibits Strauss from using or disseminating the responsive information for any purpose other than the present litigation.

Accordingly, the motion to compel RAC to produce a representative to testify regarding the matters in topic number 15 is **GRANTED**.  RAC's motion for protective order as to topic number 15 is **GRANTED** in part, to the extent that it is **ORDERED** that Strauss and her counsel may not use or disseminate information obtained in response to topic number 15 for any purpose other than the present litigation, and is **DENIED** in all other respects.

### Topic Numbers 16 and 18.

Topic numbers 16 and 18 seek information on RAC's policies and procedures regarding employee conduct and retaliation.  RAC agreed to designate a representative to testify "about written policies with respect to retaliation during the period of Plaintiff's employment with RAC, the enforcement of such policies, and the methods used for communicating such policies," but objected to the remainder of the topic on the basis of overbreadth, undue burden, and relevance, and that the topic is duplicative of a request for production of documents.  Doc. No. 72-4.  RAC also objected "to testimony regarding the names, addresses, and titles of the persons who were directly responsible for enforcing anti-retaliation policies in store locations where [Strauss] never worked and testimony regarding the dissemination of handbooks to employees other than [Strauss]."  Doc. No. 75. Once again, RAC failed to support by evidence its objections regarding burden and duplication and, consequently, those objections are unavailing.

The information sought is relevant if limited in time to policies, procedures and handbooks effective during the time that Strauss was employed by RAC.  Accordingly, both the motion to compel and the motion for protective order are **GRANTED** in part and **DENIED** in part, and it is **ORDERED** that RAC shall produce a representative to testify about the matters in topic numbers 16 and 18 with respect to policies, procedures and handbooks effective during the time that Strauss was employed by RAC.

### Topics Numbers 19 through 22.

These topics request the designation of a witness to testify about benefits for employees holding positions comparable to that held by Strauss for the period from 2001 to present, including pay, bonuses, and other monetary benefits (topic number 19), vacation, holiday and sick-leave (topic number 20), profit sharing, pension and retirement benefits (topic number 21), and insurance benefits, including amount of premium paid (topic number 22).

RAC agreed to provide documents regarding this information, and to designate a representative to testify regarding the authenticity of the documents.  *See* Doc. No. 72.  Strauss "is concerned that such documents may not adequately answer all the questions Plaintiff may have relating to these topics, as well as that explanation of the documents produced at the depositions may be necessary."  *Id*.

Strauss correctly argues that the documents may not answer all of the questions she has on these topics.  Therefore, the limitation proposed by RAC is inappropriate.  Accordingly, the motion to compel RAC to produce a representative to testify about the matters set forth in topics

19, 20, 21 and 22 is **GRANTED** and RAC's motion for a protective order as to these topics is **DENIED**.

### Topic Number 23.

Topic Number 23 requests "[c]ommunications relating to [Strauss's] application for or receipt of unemployment compensation benefits."  Doc. No. 72-8.  RAC orally agreed to designate a representative to testify regarding communications between the unemployment agency and RAC. Strauss contends that "communications relating to [her] claim for unemployment benefits among Defendants' employees very well may reveal inconsistencies in the representations Defendants have made in this lawsuit about their alleged reason for firing Plaintiff."  Doc. No. 72.

RAC has not identified any reason for limiting the inquiry to only those communications from RAC to the unemployment agency, which would exclude any internal communications on this issue.  Therefore, Strauss's motion to compel a representative to testify regarding the matters set forth in topic number 23 is **GRANTED**, and RAC's motion for protective order is **DENIED**.

### Topic Number 24.

This topic requests the designation of a representative to testify about "E-mails relating to Plaintiff generated during October 2000 through February 2002," and if any emails were disposed of, information about the date, actors, and reasons for their disposal.  Doc. No. 72-8.  RAC stated that "[o]n information and belief, no email exist that are responsive to this Topic."  RAC also designated a representative to testify "regarding whether e-mails relating to Plaintiff generated during [the relevant time frame] exist."  Doc. No. 72-4.  RAC's response does not adequately

address Strauss' legitimate request for information about whether such email communications ever existed and, if so, what happened to them.

Accordingly, the motion to compel a representative to testify regarding the matters set forth in topic number 24 is **GRANTED**, and RAC's motion for a protective order is **DENIED**.

### Fees and Costs.

Federal Rule of Civil Procedure 37(a)(4)(C) provides that if a motion is granted in part and denied in part, the Court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."  At this juncture, the request for an award of costs and fees is **DENIED** without prejudice to renewing it, if necessary, should RAC fail to comply with the requirements of this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 6th, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties